Cecil ALLEN, Petitioner–Appellant,

v.

E.A. STEPP, Warden, Respondent–
Appellee.

No. 01–3700.

United States Court of Appeals,
Sixth Circuit.

Nov. 30, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

## ORDER

Cecil Allen, a pro se Ohio prisoner, appeals a district court judgment dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Allen's current incarceration began as a result of his conviction in 1987 on three counts of aggravated robbery and two counts of robbery. For these offenses, he was sentenced to an aggregate term of imprisonment of 10 to 25 years. After several years of incarceration, Allen bludgeoned prison guards during a 1993 riot and was convicted in 1994 of three counts of felonious assault and one count of assault. For these latter offenses, Allen was sentenced to three prison terms of 5 to 15 years to be served concurrently with his previous sentence and one prison term of 3 to 5 years in prison to be served consecutively to his previous sentence.

Allen asserted in his habeas corpus petition that: 1) he was denied due process during parole proceedings; 2) he was denied parole in violation of his liberty interest in a projected release date of August 14, 1999, and in violation of the Ex Post Facto Clause as a result of new parole regulations imposed in 1998; and 3) he was impermissibly denied parole in retaliation for his bludgeoning of prison guards. Upon a magistrate judge's recommendation and over Allen's objections, the district court denied Allen's petition. The district court issued a certificate of appealability as to all three claims.

On appeal, Allen raises his three certified issues as well as new issues concerning his 1994 conviction. He moves for the appointment of counsel and for miscellaneous relief.

■ In habeas corpus actions, this court reviews a district court's legal conclusions de novo and its factual findings for clear error. *Lucas v. O'Dea*, 179 F.3d 412, 416 (6th Cir.1999).

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

■ Allen's first claim fails. As a convicted prisoner, Allen has no inherent constitutional right to parole. *See Board of Pardons v. Allen,* 482 U.S. 369, 373, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987); *Greenholtz v. Inmates of Nebraska Penal and Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Furthermore, Ohio inmates have no state-created liberty interest in parole. *Jago v. Van Curen,* 454 U.S. 14, 19–21, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981); *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.,* 929 F.2d 233, 235–38 (6th Cir.1991). Without any right to parole, Allen cannot invoke the procedural guarantees of the Due Process Clause. *See Olim v. Wakinekona,* 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983).

■ Both parts of Allen's second claim are without merit. First, review of the record fails to show evidence of any promised release date. Regardless, no liberty interest would have been created. A decision by a prison authority with respect to an individual inmate does not give rise to a protected liberty interest, even if it is a decision to grant parole. *Jago,* 454 U.S. at 19, 102 S.Ct. 31.

■ Second, no ex post facto violation occurred. The Ex Post Facto Clause prohibits any law which increases the punishment for a crime, or which produces a sufficient risk of increasing the punishment for a crime, beyond that prescribed when the crime was committed. *California Dep't of Corr. v. Morales,* 514 U.S. 499, 504 and 509, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995); *Shabazz v. Gabry,* 123 F.3d 909, 913 (6th Cir.1997) (Michigan parole regulations). The Ex Post Facto Clause does not, however, bar every legislative change which bears a conceivable risk of affecting punishment. *Morales,* 514 U.S. at 508, 115 S.Ct. 1597.

The Ohio regulations by their own terms do not show a significant risk of increased punishment for prisoners generally. *See Garner v. Jones,* 529 U.S. 244, 255–56, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000) (applying *Morales* to Georgia parole regulations). In the past, this court has found that Ohio parole officials have complete discretion in deciding whether an Ohio inmate will be paroled, *Inmates of Orient Corr. Inst.,* 929 F.2d at 236, and Allen points to no change in the law negatively restricting this discretion. Furthermore, Allen merely presented conclusory allegations and provided no evidence that the new guidelines have diminished the possibility of release for persons like himself who have been convicted of numerous violent felonies which were committed both within and outside of the prison setting. *See Garner,* 529 U.S. at 255, 120 S.Ct. 1362.

■ Allen's third claim also lacks merit. To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). Bludgeoning prison guards during a prison not does not constitute protected conduct.

Allen's new issues will not be reviewed as they were not certified for appeal. *See* 28 U.S.C. § 2253(c).

Accordingly, all pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.